■ In the Matter of the Claim of ROY J. MARINO, JR., Respondent, v. HAWKINS AUTO SALES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. Claimant, a garage mechanic, was injured when a tire he was inflating blew out causing the rim to strike him on the right side of the head. Appellants conceded the occurrence of the accident and that the accident resulted in a 32% loss of hearing in claimant's right ear. Appellants urge, however, that there is no substantial evidence to support the board's finding of a 24% binaural loss of hearing. We agree. The report of Dr. Saunders which is the sole evidence in the record attempting to relate the accident to claimant's left ear defect does not meet the test established in *Matter of Miller* v. *National Cabinet Co.* (8 N Y 2d 277). Dr. Saunders' report states specifically that the question of causal relation here involved cannot be " answered affirmatively or negatively." While actual proof is not required to uphold the validity of medical opinion, it is necessary that an opinion be given based upon some degree of medical certainty (*Matter of Miller* v. *National Cabinet Co., supra*, p. 284). Decision and award reversed and case remitted to Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ RICHARD C. GARDINO, Appellant, v. H. S. BARNEY CO., INC., Respondent.— Appeal by plaintiff in a personal injury negligence action from a judgment of the Schenectady County Court in favor of defendant dismissing the complaint upon the ground of plaintiff's failure to prove a cause of action. About midafternoon on May 14, 1960 plaintiff sustained injuries to his nose when in an attempt to leave defendant's department store in Schenectady, New York, by its easterly exit to the public street, he walked against a stationary glass panel 18¼ inches in width located adjacent to two glass doors of the same height each of which was 30 inches wide and the nearer of which at the time was fixed in an open position. As was said in a recent case: " While under some circumstances a glass door exit may be constructed or maintained in a manner so as to constitute negligence (see *Shannon* v. *Broadway & 41st St. Corp.*, 272 App. Div. 1029, affd. 298 N. Y. 589), in the instant case there was a complete absence of proof of negligence on the part of the defendant. There was no evidence offered to show faulty construction or improper maintenance." (*Luciano* v. *Mapart, Inc.*, 14 A D 2d 843, motion for leave to appeal denied 11 N Y 2d 642; see, also, *Cooper* v. *Scharf*, 11 A D 2d 101.) The trial court properly dismissed the complaint. Judgment unanimously affirmed, with costs to respondent. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.